# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RACHEL SOUTHEY, | Civil Action No. 21-11844 (JXN) (JBC) |
| Plaintiff, | |
| v. | |
| TOWNSHIP OF VERNON; VERNON POLICE DEPARTMENT; COUNTY OF SUSSEX; MAYOR HARRY SHORTWAY; POLICE CHIEF DANIEL B. YOUNG; EMMANUEL RIVERA; JOHN AND JANE DOES 1 THROUGH 100 (names being fictitious and unknown) and ABC ENTITIES/CORPORATIONS (1-10) (names being fictitious and unknown), | OPINION |
| Defendants. | |

**NEALS**, District Judge:

This matter comes before the Court on Defendants Township of Vernon ("Vernon Township"), Vernon Police Department ("Vernon P.D."), County of Sussex ("Sussex County"), Mayor Harry Shortway ("Mayor Shortway"), Chief Daniel B. Young ("Chief Young") and Emmanuel Rivera's ("Officer Rivera") (collectively "Defendants") motion to dismiss (ECF No. 25) Rachel Southey's ("Plaintiff") Complaint ("Compl.") (ECF No. 1-1) pursuant to Federal Rule of Civil Procedure 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331and 1367. Venue is proper pursuant to §§1441 and 1443. The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, Defendants' motion to dismiss is **GRANTED IN PART**.

## I.    **BACKGROUND AND PROCEDURAL HISTORY**

In the early morning hours of May 11, 2019, Officer Rivera and other Vernon Township police officers responded to a domestic violence incident between Plaintiff and her boyfriend at the time. (Compl. ¶ 12).[1] After speaking with the police, Plaintiff decided to spend the night at a friend's house nearby. (*Id.* at ¶ 13). When Plaintiff arrived, however, she was unable to reach her friend. (*Id.* at ¶ 14). Plaintiff decided to sleep in her vehicle outside her friend's house. (*Id.*).

Officer Rivera "tracked down" Plaintiff at her friend's house. (*Id.* at ¶ 15). Officer Rivera, in uniform and while possessing a police vehicle, "engaged in sexually harassing conduct" against Plaintiff and "coerced [her] to meet him at a nearby abandoned church parking lot." (*Id.*). While at the parking lot, Officer Rivera "sexually assaulted, harassed and/or engaged in battery against Plaintiff and attempted to have her engage in sexual relations with him against her will." (*Id.* at ¶ 16).

On April 23, 2021, Plaintiff filed her Complaint in the Superior Court of New Jersey, Law Division, Sussex County. (*See generally* Compl.).

On May 27, 2021, Defendants removed the case to this Court. (Notice of Removal, ECF No. 1).

Plaintiff alleges the following causes of action: (Count 1) violation of her federal constitutional rights, including but not limited to the Fourth and Fourteenth Amendments, under 42 U.S.C. § 1983; (Count 2) violation of 42 U.S.C. § 1983, as to the individual defendants in their individual and official capacities, and as to the municipal defendants; (Count 3) violation of 42 U.S.C. § 1983—failure to train and/or supervise; (Count 4) violation of 42 U.S.C. § 1983— deprivation of right to bodily integrity, life liberty and the pursuit of happiness; and (Count 5)

---

[1] The following factual allegations are taken from the Amended Complaint, which are accepted as true. *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010).

violations of the New Jersey State Constitution under the New Jersey Civil Rights Act ("NJCRA") N.J.S.A. 10:6-2(c).

On October 11, 2024, Defendants filed the instant motion to dismiss. ("Defs.' Br.") (ECF No. 25, 25-3). On December 16, 2024, Plaintiff opposed. ("Pl.'s Br.") (ECF No. 33). On December 30, 2024, Defendants replied. ("Defs.' Rep. Br.") (ECF No. 34). This matter is now ripe for consideration.

## II.    **LEGAL STANDARD**

Rule 8 requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief" and provide the defendant with "fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations and ellipses omitted). On a Rule 12(b)(6) motion, the "facts alleged must be taken as true" and dismissal is not appropriate where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). A complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To determine whether a complaint is sufficient, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must "assume the[] veracity" of well-pleaded factual allegations and ascertain whether they plausibly "give rise to an entitlement for relief." *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (citations omitted).

III.  **DISCUSSION**

A.  **Vernon P.D. is Not a Proper Party**[2]

As a preliminary matter, the Court considers whether the Vernon PD is an improper defendant because it "is not an entity capable of being sued." (Defs.' Br. at 9). Plaintiff contends that the caselaw Defendants rely upon for Vernon PD's dismissal is solely in relation to §1983 cases and that the plain language of the NJCRA does not prohibit suit against Vernon PD. (Pl.'s Br. at 13). The Court disagrees.

"It is well established in this Circuit that courts 'treat [a] municipality and its police department as a single entity for purposes of § 1983 liability." *Benjamin v. East Orange Police Dept.*, 937 F. Supp. 2d 582, 590 (D.N.J. 2013) (quoting *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n. 4 (3d Cir. 1997)); *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) ("In [§] 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity.") (citation omitted); *Mikhaeil v. Santos*, 646 Fed. Appx. 158, 163 (3d Cir. 2016) (*per curiam*) ("Although local governmental units may constitute 'persons' against whom suit may be lodged under § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part.") (quoting *Bonenberger*, 132 F.3d at 25 n. 4); *Jackson v. City of Erie Police Dept.*, 570 F. App'x 112, 114 n.2 (3d Cir. 2014) ("We further agree with the District Court that the police department was not a proper party to this action [under [§] 1983].")"; *Mitchell v. Cnty. of Bergen*, No. 23-0596, 2024 WL 1526121, at *3 (D.N.J. April 9, 2024);

---

[2] Plaintiff concedes Sussex County is not a proper party. (Pl.'s Br. at 12, 27). Under *Monell*, a county may not be sued "solely because it employs" those individuals who are alleged to have violated the plaintiff's constitutional rights. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 691 (1978). "Rather, for *Monell* claims to proceed, Plaintiff must allege that the County's policies or customs were 'the moving force' behind the constitutional violations alleged in the complaint." *Recanati v. Bergen Cnty. Sherriffs*, No. 24-05131, 2025 WL 822998, at *2 (D.N.J. March 14, 2025). Here, Plaintiff's Complaint is devoid of any factual assertions against Sussex County. (*See generally* Compl.). Accordingly, the Court dismisses without prejudice the claims against Sussex County.

*PBA Local 38 v. Woodbridge Police Dept.*, 832 F. Supp. 808, 825 (D.N.J. 1993) ("[N]umerous courts that have considered the question of whether a municipal police department is a proper defendant in a § 1983 action have unanimously reached the conclusion that it is not."); *see also* N.J. Stat. Ann. § 40A-118 (describing municipal police department as "an executive and enforcement function of municipal government").

Plaintiff's contrary contention—that the plain language of the NJCRA does not prohibit suit against Vernon PD—is incorrect as a matter of law. Indeed, courts in this district have repeatedly interpreted the NJCRA as analogous to § 1983. *See Szemple v. Corr. Med. Servs.*, 493 F. App'x 238, 241 (3d Cir. 2012) ("The NJCRA is interpreted as analogous to § 1983."); *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011) (collecting cases).[3]

Moreover, courts have consistently dismissed municipal police departments as improper defendants in both § 1983 *and* NJCRA suits. *See, e.g., Galloway v. City of West Orange*, No. 23-3740, 2025 WL 943018, at *5 (D.N.J. March 28, 2025) ("Because the WOPD is not a separate entity from West Orange, Plaintiff's claims against WOPD are [dismissed] with prejudice."); *Carbonaro v. Glassboro Police Dept.*, No. 22-00617, 2023 WL 2784386, at *8 (D.N.J. April 5, 2023); *Morrison, v. City of Jersey City*, No. 19-20369, 2022 WL 970224, at *4 n.5 (D.N.J. March 29, 2022); *Simmons v. Roxbury Police Dept.*, No. 17-2526, 2017 WL 5188060, at *4 (D.N.J. November 9, 2017); *Castoran v. Pollak*, No. 14-2531, 2017 WL 4805202, at *7 (D.N.J. Oct. 25, 2017) (finding in a § 1983, NJCRA, and Tort Claims Act action that "[b]ecause the [Northfield Police] Department is not an entity separate from the municipality it cannot be sued in conjunction

---

[3] Since "[t]he [NJCRA] is interpreted analogously to § 1983[;]" the NJCRA claims "rise and fall with [the] parallel § 1983 claims." *Mervilus v. Union Cnty.*, 73 F.4th 185, 193 n.4 (3d Cir. 2023). Thus, this Court analyzes Plaintiff's NJCRA and § 1983 claims together. *Id.*; *Burt v. Bolden*, No. 25-2265, 2025 WL 1065480, at *2 n.2 (D.N.J. April 9, 2025) ("[C]laims under the NJCRA are construed identically to an equivalent federal claim and are subject to the same defenses . . . This Court therefore[,] discusses both types of claims together under § 1983 as the same legal standards, elements, and defenses apply to both the federal and state statutes."); *see also Tucker v. City of Phila.*, 679 F. Supp. 3d 127, 137 (D.N.J. 2023).

with the municipality, irrespective of the nature of the plaintiff's claims) (internal quotation omitted); *Adams v. City of Camden*, 461 F. Supp. 2d 263, 266 (D.N.J. 2006) (finding that "[i]n New Jersey a municipal police department is not an entity separate from the municipality; . . . therefore, the Camden Police Department is not a proper defendant in this action") (cleaned up).

The Complaint names Vernon Township and Vernon PD as separate parties to this action. (*See generally* Compl.). Accordingly, the Court dismisses the claims against Vernon PD with prejudice. *See Santiago*, 629 F.3d at 126 (acknowledging appropriateness of dismissing civil right counts against a municipal police department "because it was not a separate legal entity from" the municipality).

**B.  § 1983 Claims**

To bring a § 1983 claim, a plaintiff must allege: (1) a violation of a right secured by the Constitution or federal law; and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See Mikhaeil*, 646 F. App'x at 161-62 (3d Cir. 2016) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)); *see also Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

Plaintiff brings § 1983 claims against Officer Rivera individually and in his capacity as a member of the Vernon P.D., and further alleges that Officer Rivera was acting under color of state law. (Compl. ¶¶ 5, 28-34; 44-46). Plaintiff also asserts § 1983 liability against Vernon Township and alleges Vernon Township failed to train and/or supervise members of the Vernon P.D. (Compl. ¶¶ 28-42). Plaintiff further asserts § 1983 claims against Mayor Shortway and Chief Young in their official and individual capacities. The Court addresses each in turn.

**i.    Officer Rivera**

Plaintiff alleges that Officer Rivera "sexually assaulted, harassed and/or engaged in battery against Plaintiff and attempted to have her engage in sexual relations with him against her will."

6

(Compl. at ¶ 16). Plaintiff asserts violations of the Fourth and Fourteenth Amendments, specifically her rights to "bodily integrity," equal protection of laws, and due process. (Compl. ¶ 30(a)).[4] These rights, however, are protected by the Fourteenth Amendment—rather than the Fourth Amendment.[5] *See U.S. v. Lanier*, 520 U.S. 259, 262 (1997) (due process protects personal bodily integrity and gives the right to be free from unlawful physical abuse by state actors); *Phillips*, 515 F.3d at 235 ("[i]ndividuals have a constitutional liberty interest in personal bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment."); *Black by Black v. Ind. Area Sch. Dist.*, 985 F.2d 707, 709 n.1 (3d Cir. 1993) (noting that the Fourteenth Amendment protects a liberty interest in bodily integrity); *Stoneking v. Bradford Area School Dist.*, 882 F.2d 720, 726-27 (3d Cir. 1989) (unwanted or illegal sexual contact protected by liberty and personal security interests under the Fourteenth Amendment); *see also Rogers v. City of Little Rock*, 152 F.3d 790, 795-97 (8th Cir. 1998) (reviewing several decisions and holding sexual assault by police officers is properly analyzed under Fourteenth—not Fourth—Amendment); *Martin-McFarlane v. City of Philadelphia*, 299 F. Supp. 3d 658, 670 (E.D. Pa. 2017) (dismissing § 1983 claims under the Fourth Amendment where Plaintiff alleged she was assaulted and her bodily integrity was violated); *Leighliter v. City of Connellsville*, No. 17-1510, 2018 WL 6812496, at *5 (W.D. Pa. December 27, 2018) (finding Plaintiff's alleged sexual assault by police officer implicated Plaintiff's Fourteenth Amendment rights and dismissing Fourth Amendment claims with prejudice). Based on the facts averred, Plaintiff alleges a violation of her Fourteenth Amendment right to bodily integrity. *See, e.g., Kane v. Barger*, 902 F.3d 185, 192 (3d Cir. 2018)

---

[4] Plaintiff's Complaint alleges unspecified violations of her Fourteenth Amendment rights to equal protection under law and due process.

[5] Plaintiff's Fourth Amendment claim is not readily apparent based on the allegations in the Complaint. Accordingly, the Court dismisses without prejudice Count One and the balance of the Complaint to the degree Plaintiff attempts to allege a Fourth Amendment violation.

(affirming district court's finding that plaintiff's bodily integrity was violated by a police officer through touching her and using his personal cell phone to photograph her intimate areas while investigating sexual assault perpetrated against plaintiff).

Consequently, Plaintiff's Fourth Amendment claim is dismissed without prejudice.

Next, the Court turns to the second element, whether Officer Rivera was acting under color of state law. Defendants assert Officer Rivera was acting "outside the scope of his employment and not within the color of law . . . ." (Defs.' Br. at 13).[6] Plaintiff alleges that Officer Rivera acted under color of state law because he was on duty, in uniform and in his police vehicle, and used "his authority" to "coerce[] Plaintiff to meet him at a nearby abandoned church parking lot . . . ." (Pl.'s Br. at 16). The Court agrees with Plaintiff.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Barna v. City of Perth Amboy*, 42 F.3d 809, 815-16 (3d Cir. 1994) (quoting *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941))); *see also Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) ("Action under color of state law requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (cleaned up). "Accordingly, acts of a state or local employee in her official capacity will generally be found to have occurred under color of state law." *Barna*, 42 F.3d at 816 (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 157 n.5 (1978)). "This will be so whether the complained of conduct was in furtherance of the state's goals or constituted an abuse of official power." *Id.* (citations omitted).

---

[6] "The concepts of acting 'under color of state law' and acting 'within the scope of employment' while comparable are not the same." *Hickenbottom v. Nassan*, No. 03-223, 2007 WL 7753803, at *43 (W.D. Pa. Mar. 29, 2007).

"It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." *Id.* (citing *West*, 487 U.S. at 49; then citing *Screws v. United States*, 325 U.S. 91, 111 (1945) ("Acts of [police] officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it."). "In addition, individuals who are 'possessed of state authority and purport[] to act under that authority,' such as off-duty police officers, are generally state actors." *Kundractic v. Thomas*, 573 F. App'x 167, 170 (3d Cir. 2014) (quoting *Griffin v. Maryland*, 378 U.S. 130, 135 (1964)). "Manifestations of such pretended authority may include flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute involving others pursuant to a duty imposed by police department regulations." *Barna*, 42 F.3d at 816.

However, "a police officer's purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law." *Id.*; *Kundractic*, 573 F. App'x at 170. In a §1983 suit, the plaintiff bears the pleading burden on the "under color of state law" requirement. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

Here, Plaintiff sufficiently alleges that Officer Rivera acted under color of state law. Plaintiff alleges that Officer Rivera "was in full uniform" and "responded in his police car" to Plaintiff's friend's home, and Officer Rivera had previously responded to a domestic violence incident which involved Plaintiff. (Compl. ¶¶ 12,16) Thus, Officer Rivera, in uniform and arriving in a police vehicle, gave every indication of being on duty at the time of the alleged subsequent sexual harassment of Plaintiff. Plaintiff further alleges that Officer Rivera "by virtue of his position as an officer, coerced Plaintiff to meet him . . . ." (*Id.* at ¶ 15). At the motion to dismiss stage, these allegations provide indicia of acting under color of state law. *See, e.g., Bennett v. Pippin*, 74 F.3d 578 (5th Cir. 1996) (finding sheriff acted under color of law in rape of assault suspect upon

returning to her home after initial investigation); *United States v. Tarpley*, 945 F.2d 806 (5th Cir. 1991) (finding deputy sheriff acted under color of law in assaulting wife's former lover by, among other things, claiming his official status gave him special authority). *See also Black v. Stephens*, 662 F.2d 181 (3d Cir. 1981), *cert. denied*, 455 U.S. 1008 (1982) (finding on-duty police officer may act under color of state law when he performs official duties that arose in a quasi-personal context). Plaintiff's allegations, which are taken as true, *see Phillips*, 515 F.3d at 231, infer not only that Officer Rivera was on official police business but also a connection between the use of police authority, *i.e.*, the initial investigation, and the subsequent alleged assault.

Accordingly, Plaintiff's § 1983 claim based on Fourteenth Amendment violations alleged in Counts One and Four against Officer Rivera survive.

### ii.    Vernon Township

"A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*." *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014) (citing *Monell*, 436 U.S. at 691); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).[7] "A plaintiff seeking to hold a municipality liable under § 1983 must demonstrate that the violation of rights was caused by the municipality's policy or custom." *Id.* (citing *Monell*, 436 U.S. at 690-91); *see also Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 & n.10 (1986)). "Liability is imposed 'when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one of its

---

[7] *Respondeat superior* liability is likewise not permitted under the NJCRA. *See Ingram v. Twp. of Deptford*, 911 F. Supp. 2d 289, 298 (D.N.J. 2012) (holding *respondeat superior* liability is not permitted for claims under the New Jersey Constitution or the NJCRA); *Harvey v. County of Hudson*, No. 14-3670, 2015 WL 9687862, at *11 (D.N.J. November 25, 2015) ("The NJCRA, like § 1983, does not impose vicarious or *respondeat superior* liability.") (citing *Perez v. New Jersey*, No. 14-4610, 2015 WL 4394229, at *8 (D.N.J. July 15, 2015)).

employees." *Id.* (citing *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)); *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (There must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation [to establish municipal liability.]"); *Beers v. Cnty. of Northumberland*, No. 23-2555, 2024 WL 2874283, at *3 (3d Cir. June 7, 2024).

"Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Benjamin v. E. Orange Police Dept.*, 937 F. Supp. 2d 582, 595 (D.N.J. 2013) (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting *Pembaur*, 475 U.S. at 481)); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003). "A course of conduct is considered to be a custom when, though not authorized by law, such practices of state officials [are] so permanent and well settled as to virtually constitute law." *Id.* (quoting *Andrews*, 895 F.2d at 1480 (quoting *Monell*, 436 U.S. at 690) (internal quotations omitted)). Custom "may also be established by evidence of knowledge and acquiescence." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 2003); *see also Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989).

"Although a policy or custom is necessary to plead a municipal claim, it is not sufficient to survive a motion to dismiss. A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Cooper v. City of Paterson*, No. 23-3566, 2024 WL 1298917, at *4 (D.N.J. Mar. 27, 2024) (citing *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019); then citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). She may do so by demonstrating an "affirmative link" between the policy or custom and the constitutional violation alleged. *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).

Here, the allegations—as currently pled—are insufficient. Plaintiff has not alleged a municipal policy; her Complaint fails to refer to "an official proclamation, policy, or edict." *Andrews*, 895 F.2d at 1480; *see also Monell*, 436 U.S. at 690-91. Rather, the Complaint merely sets forth several conclusory "patterns, practices, and customs." (*See* Compl. ¶ 21 (a)-(c); (e)-(g)). Plaintiff alleges Vernon Township had a custom of "fail[ing] to identify and take proper remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct." (Compl. ¶ 21 (d)). Plaintiff does not allege, however, knowledge of or acquiescence to prior instances of similar conduct,[8] or that the custom was the proximate cause of her injuries. *Est. of Roman*, 914 F.3d at 798.

In her opposition brief, Plaintiff raises additional allegations as to Officer Rivera, Chief Young and Vernon PD's purported custom of failing to take remedial or disciplinary action against officers' misconduct. Further, that such custom sanctioned or permitted sexual assaults to be committed by officers. (Pl.'s Br. at 5-8). However, "courts may not consider allegations raised for the first time in a plaintiff's opposition to a motion to dismiss." *Cason v. Middlesex Cnty. Prosecutors' Off.*, No. 18-2101, 2023 WL 2263674, at *5 (D.N.J. Feb. 27, 2023) (citing *Pennsylvania. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (internal quotation omitted)). Thus, Plaintiff's Complaint lacks sufficient allegations that Vernon Township's custom of failing to take proper remedial action related to officers' misconduct. Accordingly, Plaintiff's § 1983 claim against Vernon Township is dismissed without prejudice.

---

[8] Plaintiff also alleges "the refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "[c]ode of [s]ilence." (Compl. ¶ 21 (h)). However, without additional facts, such an allegation is insufficient and conclusory.

### iii.    Failure to Train or Supervise

"For claims involving police officers, the Supreme Court has held that the failure to train 'serve[s] as [a] basis for [§] 1983 liability only where [it] . . . amounts to deliberate indifference to the rights of persons with whom the police come into contact.'" *Est. of Roman*, 914 F.3d at 798 (quoting *City of Canton*, 489 U.S. at 388); *see also Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999) (same); *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019) (explaining that "a plaintiff alleging failure-to-supervise, train, or discipline must show that said failure amounts to deliberate indifference to  the constitutional rights of those affected"); *Tobin v. Badamo*, 78 F. App'x 217, 219 (3d Cir. 2003) ("A municipality may be held liable under § 1983 when its failure to supervise police officers reflects a policy of deliberate indifference to constitutional rights.") (citations and internal quotation marks omitted); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995) ("The [*Monell*] Court has also stated that liability for failure to train subordinate officers will lie only where a constitutional violation results from "deliberate indifference to the constitutional rights of [the municipality's] inhabitants.") (second alteration in the original) (cleaned up).

The Third Circuit has found deliberate indifference where a plaintiff alleges that: "(1) municipal policymakers know that employees will confront a particular situation[,] (2) the situation involves a difficult choice or a history of employees mishandling[,] and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Estate of Roman*, 914 F.3d at 798 (citing *Doe v. Luzerne Cnty.*, 660 F.3d 169, 180 (3d Cir. 2011) (quoting *Carter*, 181 F.3d at 357)); *accord Forrest*, 930 F.3d at 106.

"In addition to deliberate indifference, '*City of Canton* teaches that to sustain a claim based on a failure to train theory,' 'the identified deficiency in [the] training program must be closely related to the ultimate [constitutional] injury.'" *Thomas*, 749 F.3d at 226 (citing *Colburn*, 946 F.2d

13

at 1028 (alterations in original) (quoting *City of Canton*, 489 U.S. at 391). The failure to train must have "a causal nexus with [the plaintiff's] injury." *Colburn*, 946 F.2d at 1030. "In analyzing causation, 'the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform.'" *Thomas*, 749 F.3d at 226 (quoting *City of Canton*, 489 U.S. at 390). "Liability cannot rest only on a showing that the employees 'could have been better trained or that additional training was available that would have reduced the overall risk of constitutional injury.'" *Id.* (quoting *Colburn*, 946 F.2d at 1029-30). "Rather, the causation inquiry focuses on whether 'the injury [could] have been avoided had the employee been trained under a program that was not deficient in the identified respect.'" *Id.* (quoting *City of Canton*, 489 U.S. at 391).

A plaintiff "must demonstrate that a [municipality's] failure to train its employees reflects a deliberate or conscious choice." *Beers*, 2024 WL 2874283, at *3 (citing *Thomas*, 749 F.3d at 222). A failure to train or supervise typically requires allegations of a pattern of similar constitutional violations by untrained employees. *Connick v. Thompson*, 563 U.S. 51, 62 (2011); *Thomas*, 749 F.3d at 223; *Young*, 2025 WL 354447, at *3. "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.*

"Additionally, 'the identified deficiency in a city's training program must be closely related to the ultimate injury;' or in other words, 'the deficiency in training [must have] actually caused' the constitutional violation." *Thomas*, 749 F.3d at 223 (alteration in original) (quoting *City of Canton*, 489 U.S. at 391); *see also Beers,* 2024 WL 2874283, at *3 (same).[9]

---

[9] "Establishing a failure to train claim under § 1983 is difficult and applies in narrow situations." *Cooper v. City of Paterson*, No. 23-3566, 2024 WL 1298917, at *5 (D.N.J. Mar. 27, 2024) (citing *Reitz*, 125 F.3d at 145; *City of Canton*, 489 U.S. at 387); *see also Connick*, 563 U.S. at 61 ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.") (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-823 (1985) (plurality opinion)); *Young v. Monmouth County*, No. 24-4975, 2025 WL 354447, at *3 (D.N.J. January 31, 2025) (same).

"Nonetheless, without pattern evidence putting a municipality on notice, a plaintiff may still establish deliberate indifference through the 'narrow' path of 'single-incident liability." *St. Martin v. West Windsor Township Police Dept.*, 753 F. Supp. 3d 369, 406 (D.N.J. 2024) (citing *Thomas*, 749 F.3d at 224 (discussing *City of Canton*, 489 U.S. at 389)). To establish "single incident" liability, "a plaintiff must show that the need for the policy and training is 'so obvious,' that failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights." *St. Martin*, 753 F. Supp. 3d at 406 (quoting *City of Canton*, 489 U.S. at 389). "Liability in single-incident cases depends on '[t]he likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights.'" *Id.* (quoting *Board of County Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 409 (1997)).

Plaintiff alleges, *inter alia*, that Vernon PD's "hiring, training and supervisory practice are inadequate;" "fail[ed] to train law enforcement officers of the proper and appropriate police procedures" and "[t]his failure to train and/or supervise reflects a deliberate and/or conscious choice by the Defendants." (Compl. ¶ 30). These allegations are vague and conclusory. *See Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997) (holding that vague allegations of inadequate training or hiring are insufficient under *Monell*). Plaintiff does not identify any specific deficiencies in Vernon PD's training program as it relates to Officer Rivera's improper conduct, such as sexual harassment or interactions with citizens during and after responding to a call. Nor does Plaintiff allege a pattern of similar constitutional violations that would support a failure-to-train theory. *Santiago*, 629 F.3d at 135 n.11 (affirming dismissal where the plaintiff did not plead facts suggesting a specific policy or failure to train that caused the harm); *Thomas*, 749 F.3d at 223 (requiring a pattern of prior violations to establish municipal liability for failure to train). *Accord Barrera v. Cnty. of Bucks*, No. 14-7136, 2015 WL 4474398, at *4 (E.D. Pa. July 22, 2015) (denying

motion to dismiss *Monell* claim because the complaint "allege[d] specific facts concerning [the officer's] conduct within the prison system, pointing to the prison's history of sexual assaults by guards, a systemic failure to report such assaults, deficiencies in the ethics and procedural training of guards, and oversight in the promotion and supervision of guards.").

As noted, Plaintiff raises for the first time in opposition papers allegations regarding policy or custom and deliberate indifference, *inter alia*, which may or may not sufficiently allege violation of Plaintiff's constitutional rights. *See Est. of Roman*, 914 F.3d at 798; *Doe*, 660 F.3d at 180. They are not properly before the Court, however, and Count Three is accordingly dismissed without prejudice.

### iv.    Mayor Shortway and Chief Young

#### a.  Official Capacity

Plaintiff's claims against Mayor Shortway and Chief Young in their official capacities are essentially indistinguishable from her § 1983 claims against Vernon Township, which employs both Defendants. Indeed, "a lawsuit against public officers in their official capacities is functionally a suit against the public entity that employs them." *Cuvo v. De Biasi*, 169 F. App'x 688, 693 (3d Cir. 2006); *see Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell*, 436 U.S. at 690 n.55)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166.

To prove liability by a municipality in an official capacity suit, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Monell*, 436 U.S. at 690–691. However, that policy and custom need not have "received formal approval through the body's official decisionmaking channels." *Id.* at 694. "A plaintiff therefore cannot bring an action against

government officials in their official capacity for a single alleged wrongful act, or even a pattern of alleged wrongful acts if they commit those acts alone." *See Natsis v. Turner*, No. 13-7269, 2017 WL 945081, at *8 (D.N.J. Mar. 10, 2017) (citing *Monell*, 436 U.S. at 690-91).

Here, Plaintiff fails to allege specific conduct as to Mayor Shortway or Chief Young to demonstrate a "policy or custom." As Plaintiff's § 1983 claims against Mayor Shortway and Chief Young in their official capacities are treated as a suit against the municipality, these claims are dismissed with prejudice.

### b. Individual Capacity

"To state a claim against a defendant in his individual capacity under § 1983, a plaintiff must establish that the defendant had personal involvement in committing the alleged violations." *Cooper*, 2024 WL 1298917, at *6 (citing *Rode*, 845 F.2d at 1207 (citation omitted)); *see also Saisi v. Murray*, 822 F. App'x. 47, 48 (3d Cir. 2020) (*per curiam*) (Each defendant "must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."); *Kocher v. Larksville Borough*, 548 Fed. App'x 813, 820 (3d. Cir. 2013) ("[A] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable.") (quoting *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)); *Agresta v. City of Phila.*, 801 F. Supp. 1464, 1468 (E.D. Pa. Aug. 11, 1992) (explaining that the liability of an individual officer must "be based on his own acts or omissions, not those of [other] individual officers."). Allegations of personal involvement must be made with appropriate particularity. *See Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005) (holding facts alleged did not support a reasonable inference of a defendant's personal involvement in the misconduct alleged).

Here, Plaintiff does not plead any direct or personal involvement by Mayor Shortway or Chief Young in the May 11, 2019 incident or that—through their own actions—they violated the Constitution. (*See generally* Compl.).[10] Despite naming Mayor Shortway as a defendant, (Compl. ¶¶ 6, 17), the Complaint does not assert any factual allegation related to him. As discussed *supra*, the new allegations raised in Plaintiff's opposition brief are not properly before the Court. Consequently, Plaintiff's Complaint is insufficient to state individual capacity liability claims against Mayor Shortway or Chief Young under § 1983. Accordingly, the Complaint is dismissed without prejudice as to these Defendants in their individual capacity.

### (i)    Supervisor Liability

Further, because there can be no vicarious liability claims under § 1983, the mere fact that a named defendant is in a supervisory position is insufficient to establish liability. *Andrews*, 895 F.2d at 1478 (citation omitted). Liability of a supervisory official for constitutional violations perpetrated by subordinate police officers is based upon the official's direct and active involvement in the violations. *Cooper*, 2024 WL 1298917, at *6 (citation omitted). A plaintiff must plead that each government official defendant, through the individual's own actions, has violated the Constitution. *Bob v. Kuo*, 387 F. App'x 134, 135 (3d Cir. 2010).

Additionally, a municipal policymaker or supervisor may be held individually liable for failing to train, supervise, or discipline his or her subordinates. *See Rentas v. Kuhn*, No. 24-10107, 2025 WL 685975, at *5 (D.N.J. Feb. 28, 2025); *Young*, 2025 WL 354447, at *3. "[A] plaintiff must show that policymakers were on actual or constructive notice that particular flaws in their training, discipline or supervision caused subordinate officials to violate citizens' constitutional rights,

---

[10] Plaintiff does not specify whether Mayor Shortway is being sued in an individual capacity. (*See generally* Compl.). The Court assumes *arguendo* that Mayor Shortway is included within the defendants addressed in Count 2 of the Complaint being sued in an individual capacity. (Compl. ¶¶ 35-37).

which generally requires knowledge of a prior pattern of similar incidents and circumstances." *Rentas*, 2025 WL 685975, at *5 (alteration in original) (quoting *Best v. Hicks*, No. 22-6911, 2024 WL 4891774, at *6 (D.N.J. Nov. 26, 2024)).

Moreover, alleging only that Chief Young was Officer Rivera's supervisor at the time of the incident is insufficient to establish supervisor liability under § 1983. (Compl. ¶ 18). *See Brown v. Mulenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001) (finding it is not enough to allege "that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did.").

Plaintiff has failed to plead direct involvement or actual or constructive notice on Mayor Shortway or Chief Young's behalf sufficient for supervisory liability. Accordingly, Plaintiff's claims against Mayor Shortway and Chief Young are dismissed without prejudice on this basis.

## C. NJCRA Claim

Since "[t]he [NJCRA] is interpreted analogously to § 1983[;]" the NJCRA claims "rise and fall with [the] parallel § 1983 claims." *Mervilus,* 73 F.4th at 193 n.4. Thus, the Court's analysis of Plaintiff's § 1983 claims similarly applies to Plaintiff's NJCRA claim. *Id.* Accordingly, Plaintiff's NJCRA claim similarly only survives as to Officer Rivera. Accordingly, Count Five is otherwise dismissed without prejudice.

## D. Punitive Damages

"Punitive damages are appropriate in § 1983 actions when a 'defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Carroll v. Clifford Tp.*, 625 Fed. Appx. 43, 46 (3d Cir. 2015) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)); *Carey v. Piphus*, 435 U.S. 247, 257 n.11 (1978)

(Punitive damages are available in § 1983 claims where the plaintiff can show a "malicious intention to deprive respondents of their rights or to do them other injury.").

Plaintiff concedes Sussex County and Vernon Township are immune from punitive damages under § 1983 and the NJCRA. (Pl.'s Br. at 25, 27). *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("[C]onsiderations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials"); *Vandegrift v. Bowen*, No. 07-2623, 2009 WL 1913412, at *6 (D.N.J. June 30, 2009) (holding that punitive damages are not available against a municipality under the NJCRA). Similarly, government officials are immune from liability for punitive damages when they are sued in their official capacity under § 1983. *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988). Consequently, punitive damages against the individual Defendants in their official capacity under § 1983 will be stricken. *Hernandez v. City of Paterson*, 22-6763, 2023 WL 6876008, at *12 (D.N.J. October 18, 2023).

Government officials are liable for punitive damages when sued in their individual capacity if a plaintiff can establish that "the defendants have acted with a reckless or callous disregard of, or indifference to, the rights and safety of others." *Keenan v. City of Phila.*, 983 F.2d 459, 469-70 (3d Cir. 1992) (citation omitted); *see also Walker v. City of Newark*, No. 19-16853, 2020 WL 3542502, at *4 (D.N.J. June 30, 2020), *as amended* (July 1, 2020) (concluding that punitive damages are available against police officers in their individual capacities under the NJCRA and the Federal Civil Rights Act). At this juncture, Plaintiff has sufficiently pled the requisite punitive damage standard as to Officer Rivera. Thus, apart from Plaintiff's punitive damage claims against Officer Rivera, the balance of Plaintiff's punitive damages against the individual Defendants in their individual capacities are dismissed without prejudice. *Hernandez*, 2023 WL 6876008, at *12.

IV.    **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss (ECF No. 25) Plaintiff's Complaint (ECF No. 1-1) is **GRANTED IN PART**. Counts One, Two, Four, and Five are **DISMISSED without prejudice** except as to Officer Rivera. Count Three is **DISMISSED without prejudice**. Plaintiff's § 1983 claims against Mayor Shortway and Chief Young in their official capacities are **DISMISSED with prejudice**. An appropriate Order accompanies this Opinion.

DATED: May 7, 2025

JULIEN XAVIER NEALS
United States District Judge