# DUGHI, HEWIT & DOMALEWSKI, P.C.

ATTORNEYS AT LAW

RUSSELL L. HEWIT
CRAIG A. DOMALEWSKI
BRANDON D. MINDE*
CHARLES M. RADLER, JR.
HERBERT KRUTTSCHNITT III
SCOTT A. HALL
DARA L. SPIRO
LORI CIARROCCA DUFFY
KRISTIN M. CAPALBO
JENNIFER L. YOUNG
RACHEL M. SCHWARTZ
RICHARD S. PANITCH
BENJAMIN H. HAFTEL
TIMOTHY M. CRAMMER
DAVID J. BISHOP
TIMOTHY B. CRAMMER
STEWART A. CUNNINGHAM
JOSHUA A. FREEMAN

SAM J. ROSENBERG
LAWRENCE H. JACOBS
SCOTT T. HELLER**
RAYMOND J. FLEMING
JAYNE E. TURNER
WAYNE E. PAULTER
THOMAS J. PYLE, JR.
RICHARD J. TAMN
JASON M. ALTSCHUL

—————
WILLIAM H. GAZI  (1964-2001)
LAWRENCE WEISS (1961-2011)

340 NORTH AVENUE EAST
CRANFORD, NEW JERSEY 07016
(908) 272-0200
TELECOPIER: (908) 272-0909
—————

508 NEW JERSEY AVENUE, SUITE B3
ABSECON, NEW JERSEY 08201
(609) 677-6996
TELECOPIER: (609) 677-6926
—————

201 LITTLETON ROAD
PO BOX 513
MORRIS PLAINS, NJ 07950
(973) 206-2500
TELECOPIER: (973) 206-2501

OF COUNSEL

LOUIS JOHN DUGHI, JR.
WILLIAM L'E. WERTHEIMER
VINCENT LE BLON
JUDY L. CREELMAN
MARY LOU DENNIS-SUCKOW
JAMES F. FERGUSON
ROBERT J. BRASS
MARIE SEITZ
LAURA P. BAKER
GLENN A. FARRELL

CHRISTOPHER L. KLABONSKI
GABRIELA K. BALMASEDA
JANET J. GLORE
AMELIA R. LYTE
RACHEL M. BAUER
ALYSIA J. MACHLOVITZ
ALANNA M.C. NAMIT

* Certified by the Supreme Court of
   New Jersey as a Criminal Trial
   Attorney
**Certified by the Supreme Court of
   New Jersey as a Civil Trial Attorney

Reply to
Cranford Office

September 22, 2025

**VIA PACER/ECF**
James B. Clark, III, U.S.M.J.
Martin Luther King Building
  & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:    Southy v. Township of Vernon, et al.
> Civil Action No.: 21-11-844
> Our File No.: 17890

Dear Judge Clark:

Our office represents the Plaintiff, Rachel Southey, in the above captioned matter.  The parties have a Status Conference with Your Honor on September 24, 2025.  I have spoken with defense counsel, Sharon Flynn, Esq, and the parties jointly want to update Your Honor as to the status of this matter.  Since we appeared at the last conference, Plaintiff has obtained relief from the automatic stay caused by the bankruptcy filing of Defendant Rivera.  Enclosed please find a copy of the Order modifying the Automatic Stay.  Plaintiff has also commenced an action objecting to any discharge by Defendant Rivera.  A copy of that pleading is enclosed as well.

We thank Your Honor for your continued attention to this matter.

Respectfully submitted,

DUGHI, HEWIT & DOMALEWSKI, P.C.

*/s/ Richard Panitch*

Richard Panitch, Esq.
rpanitch@dughihewit.com

Encls.
CC All parties

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **POLITAN LAW, LLC**<br>88 East Main Street, #502<br>Mendham, New Jersey 07945<br>(973) 768-6072<br>Mark J. Politan, Esq,<br>*Attorneys for Rachel Southey* | |
| In re:<br><br>EMANUEL RIVERA,<br><br>              Debtor. | Case No. 25-16809 (VFP)<br><br>Chapter 7 |
| RACHEL SOUTHEY<br><br>              Plaintiff,<br><br>v.<br><br>EMANUEL RIVERA,<br><br>              Defendant. | Adv. Proc. No. _____ |

## COMPLAINT TO DETERMINE EXCEPTIONS TO DISCHARGE OF DEBTS
## PURSUANT TO 11 U.S.C. § 523(a)(6)

Plaintiff Rachel Southey ("Southey" or "Plaintiff"), a creditor and party in interest in the above captioned bankruptcy case, hereby submits by and through her counsel, POLITAN LAW LLC, her Complaint to Determine Exceptions to Discharge of Debts Pursuant to 11 U.S.C. § 523(a)(6), (the "Complaint") against Emanuel Rivera (the "Defendant" or "Debtor"). Southey hereby alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and 11 U.S.C. § 523, since this is a proceeding to determine the dischargeability of debt. Pursuant to Rule 7008 of the Federal Rule of Bankruptcy Procedure, the Plaintiff consents to entry of final orders or judgments by the United States Bankruptcy Court for the District of New Jersey.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      This proceeding is initiated under Fed. R. Bankr. 7001.

5.      The statutory predicates for the relief requested herein are 11 U.S.C. §523(a)(6).

## THE PARTIES

6.      Plaintiff is an individual resident of Midland Park, State of New Jersey.

7.      The Defendant is the Debtor in the within Chapter 7 proceeding, with an address of 580 Route 23 Franklin, New Jersey 07416.

## FACTUAL AND PROCEDURAL BACKGROUND

8.      On or about May 11, 2019, Defendant was an officer with the Vernon Police Department.

9.      At all relevant times, Rivera was carrying out his duties as a Vernon Police officer and acting under the color of law in the performance of his duties with respect to the Plaintiff and other members of the public. At all times relevant to the allegations in this Complaint, Rivera was "on duty" for the Vernon Police Department.

10.     During the early morning hours of on or about May 11, 2019, Defendant, Rivera, along with other officers of the Vernon Police Department, responded to a domestic incident at a residence in Vernon Township. The incident involved the Plaintiff and her then boyfriend.

11.     After speaking with the Police, Plaintiff decided to spend the evening at a local friend's house in order to be able to get some sleep and to be in a safe environment.

12.     When the Plaintiff arrived at her friend's house, her friend was not reachable, and, Plaintiff elected to sleep outside her friend's house in her motor vehicle.

13.     To her surprise, Rivera tracked the Plaintiff down at her friend's house. Rivera was in full uniform, responded in his police car and he was acting under the color of law, in the course and conduct of his police duties. Rivera, against Plaintiffs wishes, engaged in sexually harassing conduct towards her and by virtue of his position as an officer, coerced Plaintiff to meet him at a nearby abandoned church parking lot.

14.     While at the parking lot, Rivera sexually assaulted, harassed and/or engaged in battery against Plaintiff and attempted to have her engage in sexual relations with him against her will.

15.     Rivera was later prosecuted and sentenced in relation to his actions against Plaintiff.

16.     Southey commenced a lawsuit in the Superior Court of New Jersey, Law Division, Sussex County which was removed to the United States District Court (the "District Court") on May 27, 2021 (the "Action").

17.     The Action was administratively stayed and reopened by order of the District Court on or about August 14, 2024.

18.     On June 27, 2025, the Debtor filed his voluntary petition for relief under chapter 7 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey, In re: Emanuel Rivera, Case No. 25-16809 (VFP).

19.     On June 28, 2025, David Wolff, Esq., was appointed the Chapter 7 Trustee.

20.      On July 30, 2025, the Action was again administratively stayed due to the pending bankruptcy proceeding.

21.      On September 5, 2025, an order was entered which, among other things, modified the automatic stay for the purpose of prosecution of the Action in order to obtain a judgment against the Debtor, and/or against other named non-debtor defendants, and preserved the rights of Southey to seek a determination of non-dischargeability of any claims asserted against the Debtor in the Action.

22.      September 22, 2025 is the last day to oppose discharge or dischargeability.

**COUNT ONE**
**11 U.S.C. § 523(a)(6)**
**(Objection to Discharge of Debt for Willful and Malicious Injury)**

23.      Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

24.      Under 11 U.S.C. § 523(a)(6), an individual debtor may not discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

25.      The allegations contained in the Action demonstrate that the Debtor's liability to Southey for intentional torts, when adjudicated in the District Court, shall constitute willful and malicious injuries.

26.      The Action will determine liability and liquidate the underlying intentional tort claims against the Debtor and establish debts owed to the Plaintiff.

27.      Accordingly, the debts owed by Debtor to Plaintiff are nondischargeable under 11 U.S.C. § 523(a)(6).

**WHEREFORE**, the Plaintiff requests the entry of a judgment denying the Debtor's

discharge pursuant to 11 U.S.C. § 523(a)(6) as to the Plaintiff's debts, awarding attorneys' fees

and costs, and granting such other relief as is just and appropriate.

.

**POLITAN LAW, LLC**
*Attorneys for Rachel Southey*

By: /s/ *Mark J. Politan*
     Mark J. Politan

Dated:  September 22, 2025

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1**<br>**POLITAN LAW, LLC**<br>88 East Main Street, #502<br>Mendham, New Jersey 07945<br>973.768.6072<br>Mark J. Politan, Esq.<br>mpolitan@politanlaw.com<br>*Counsel to Rachel Southey* | **Order Filed on September 5, 2025**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In Re:<br><br>EMANUEL RIVERA,<br><br>                Debtor. | Case No.:     25-16809 (VFP)<br>Chapter:     7<br>Judge:     Papalia<br><br>**Hearing Date and Time:**<br>**September 3, 2025 at 10:00 am** |

## ORDER MODIFYING THE AUTOMATIC STAY
## PURSUANT TO 11 U.S.C. § 362(d)(1)

The relief set forth on the following page numbered two (2) is hereby **ORDERED**.

**DATED: September 5, 2025**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

(Page 2)

| | |
|---|---|
| Debtor: | EMANUEL RIVERA |
| Case No.: | 25-16809 (VFP) |
| Caption of Order: | ORDER MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)(1) |

THIS MATTER having come to the attention of the Court upon the motion of Rachel Southey ("Southey") for relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code to pursue claims against all defendants, including the Debtor in an action captioned *SOUTHEY v. TOWNSHIP OF VERNON et al, Docket No. 2:21-cv-11844-JXN-JBC*, pending in the United States District Court for the District of New Jersey (the "Action"); and this Court having jurisdiction to consider the relief requested herein in accordance with 28 U.S.C. § 1334; and consideration of the relief requested herein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and good cause having been shown,

**IT IS ORDERED** as follows:

1. The motion is **GRANTED**.

2. Pursuant to section 362(d)(1) of the Bankruptcy Code, Southey shall be and hereby is granted relief from the automatic stay for the purpose of prosecution of the Action in order to obtain a judgment against the Debtor, and/or against other named non-debtor defendants.

3. Nothing in this Order shall be deemed or construed to impact, impair, affect, determine, release, or waive Southey's rights to seek a determination of non-dischargeability of any claims asserted against the Debtor in the Action, with all rights expressly reserved.

4. This Order shall be effective immediately upon its entry by this Court and shall not be stayed pursuant to Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure or otherwise.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.